Dear Dr. McVea:
You have requested this office to answer four questions regarding the issues concerning the sale and licensing of software, which the Board of Dentistry ("Board"), hired an outside company to create. Enclosed you will find a copy of Attorney General Opinion No. 01-82 (attached), which is on point with, and should answer, your questions. You have asked our office to address the following questions:
1) Who owns the software or the right to license its use?
Your request states that you hired a company to create computer software specifically designed for the Board, to accomplish the Board's purpose in streamlining communication. Hiring a company to design a computer program specifically for the Board would fall under the "work made for hire" doctrine. 17 U.S.C.A. § 201(b) explains, as does Opinion 01-82, the "work made for hire" relationship is one where an "employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." Mr. Barry Ogden has informed our office there was a verbal understanding between the Board and the computer company to share the profits of the software, but nothing was ever put in writing. As noted above,17 U.S.C.A. § 201(b) designates any such agreement must be in writing, otherwise the Board would own all of the rights comprised in the copyright of the software. Mr. Ogden has also informed our office the original contracted amount has been paid in full; therefore the "work made for hire" relationship is complete and applicable.
Since the Board, in the name of the State of Louisiana, would own all rights comprised in the computer program, the Board would then be able to register the copyright pursuant to 17 U.S.C.A., 37 C.F.R. § 202.3. For others to recognize this exclusive ownership, it is important to have the copyrights of the software registered under this federal regulation.
2) May the Board share in the sale of the software on a percentage basis?
There is no specific statute or case law that authorizes the Board to profit from any funds other than licensing fees charged to regulate the profession of Dentistry. Note that LA R.S. 37:795 empowers the Board to generate revenue by charging fees according to the schedule defined in the statute. As enumerated in LA R.S. 36:259(E)(2), the Board of Dentistry is an agency of the Department of Health and Hospitals, organized under the executive branch of our state government. By the legislature enacting LA R.S. 36:2, they delegated certain powers of the executive branch to departments and agencies. The statute states: " reorganization of the executive branch of state government by allocation and/or reallocation of the functions, powers, duties, and responsibilities of all departments, offices, agencies, and instrumentalities of the executive branch of state government " The powers allocated to the Board are specifically listed in LA R.S. 37:760. In State v. Alfonso, our Supreme Court recognized that an "[a]gency exercising delegated authority is not free to pursue any and all ends, but can assert authority only over those ends which are connected with the task delegated by the legislative body." State v. Alfonso,753 So.2d 156 (La. 1999). The connection between the Board's authority to sell or market software and the powers listed under LA R.S. 37:760, is debatable and would be for the courts to decide. It is the opinion of this office that the legislature has not granted the Board the specific authority to share in the sale of the software on a percentage basis.
The Board may seek authorization by contacting the Secretary of the Department of Health and Hospitals. Then, under LA R.S. 36:251, the Secretary can present a plan to the legislature for approval, which would allow the Board to profit from the software. Currently, even though the Board is allowed to keep self-generated funds, the power to market or sell software is not a codified function of the Board of Dentistry.
3) May the Board license the use of its interest, if any, in the system to others?
This issue hinges on whether the proper state authority authorizes the Board to sell the software. If the Board is determined to own the copyright for the software, and if the copyright is granted, and if the State were to allow the Board to sell and receive profits from the ownership of the software copyright, then yes, the Board may sell a license of use to others. This exclusive right to license copyrighted software is granted by 17 U.S.C.A. § 106. The federal statute allows a copyright owner to "distribute copies to the public by sale or other transfer of ownership, or by rental, lease, or lending." Our Civil Code article 477 defines ownership to include the right to "use, enjoy, and dispose of (a thing) within the limits and under the conditions established by law." This office can find no reason why the Board would not be able to license the use of its interest in the software, provided the contingencies listed above are met.
4) What is the Board's liability to others arising from the licensing transaction?
The liability of software production is a broad and vague issue. To determine liability arising from the production of this software, this office would require a detailed request explaining the facts and circumstance of a specific situation. However, LA R.S. 51:1963, also known as the Software Enforcement Act, would allow the Board to limit its liability prior to this type of situation arising, without entering into a formal contract with purchasers of the software. In fact, LA R.S.51:1963 indicates that a formal contract is generally unnecessary. The statute provides that notice of terms of purchase need only be clearly defined and conspicuously affixed to or packaged with software and visible upon cursory examination. Ordinarily, this would provide sufficient notice as to any terms, conditions, and/or limitations attached to such a transaction. Therefore, a formal contract does not appear to be required to limit liabilities, etc. on the part of the seller.
I believe the above opinion has answered your questions. Please see the attached Attorney General Opinion for further explanation of relevant portions of the law. Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB:mjb
Date Released: February 6, 2003